ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 19 2009

JAMES N. HATTEN, Clerk

By: _____, Clerk
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CIBA VISION Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. _____ |
| vs. | ) | **1 : 09 - CV - 1343** |
| | ) | |
| Joseph De Spirito, | ) | |
| | ) | |
| *Defendant.* | ) | **JOF** |
| | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR

## COMPETITION, DILUTION, & CYBERSQUATTING

COMES NOW the Plaintiff CIBA VISION Corporation (hereinafter "CIBA VISION") and for its Complaint against the Defendant Joseph De Spirito (hereinafter "De Spirito") states and alleges the following:

### Nature of the Complaint

1.     This action presently arises under federal law. Specifically, this is an action for trademark infringement in violation of the Trademark Act of 1946, as amended (hereinafter referred to as the "Lanham Act") Section 32(1), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section

1

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**Parties, Jurisdiction, and Venue**

2.      Plaintiff CIBA VISION is a Delaware corporation having a principal place of business at 11460 Johns Creek Parkway, Duluth, Georgia 30097-1518.

3.      Upon information and belief, Defendant Joseph De Spirito (d/b/a Hoosier Eye Doctor) is an individual having a principal place of business at 1105 S. College Mall Road, Bloomington, Indiana 47401.

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1338(b) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*.

5.      This Court has personal jurisdiction over Mr. De Spirito under O.C.G.A § 9-10-91 because Mr. De Spirito continuously and systematically conducts, transacts and solicits business in this district.

6.      Venue is proper under 28 U.S.C. § 1391 (b), because a substantial part of the events or omissions giving rise to the claim occurred in the State of Georgia.

### Facts Common To All Claims For Relief

7.     Plaintiff CIBA VISION manufactures, offers to sell, and sells a variety of contact lenses and lens care products, including several types of contact lenses, throughout the United States and numerous other countries around the world. One such brand of contact lenses is CIBA VISION's globally-known family of "AIR OPTIX" branded contact lenses.

8.     Plaintiff CIBA VISION aggressively advertises and markets its product lines via multiple marketing channels, including but not limited to, the internet, television and radio media, print media, eye care providers, etc.  In particular, Plaintiff CIBA VISION has spent a significant amount of money advertising its AIR OPTIX trademarks in connection with the sale of its family of contact lenses.

9.     Plaintiff CIBA VISION's parent company, Novartis AG Corporation (hereinafter "Novartis"), applied for, and has received, federal trademark protection for CIBA VISION's AIR OPTIX brand contact lenses.  Specifically, Novartis applied for federal trademark protection on June 7, 2005 and received federal trademark registrations for the "AIR OPTIX" words alone (Registration Number 3490248), and for a related design mark (Registration Number 3490249).  Plaintiff CIBA VISION is the exclusive licensee of the AIR OPTIX

3

trademarks. Plaintiff CIBA VISION has made use of the AIR OPTIX marks in commerce in the United States since at least as early at March 03, 2008. True and accurate copies of the AIR OPTIX trademark registrations are attached hereto as **Exhibit A** and **Exhibit B**, respectively. In addition, CIBA VISION owns, or is the exclusive licensee of, federal trademark registrations for "NIGHT & DAY" (Registration No. 2,7167,845—**Exhibit C**), "CIBA VISION" (Registration Nos. 1,611,014 & 3,429,280—**Exhibits D & E**, respectively), and "DAILIES" (Registration No. 2,167,845—**Exhibit F**)(CIBA VISION's trademark registrations attached hereto as Exhibits A-E are collectively referred to herein as "CIBA VISION's Trademarks"). These registrations are valid, subsisting, and are in full force and effect.

10.     Since at least as early as March 03, 2008, Plaintiff CIBA VISION has prominently used and promoted its AIR OPTIX trademarks through extensive advertising, marketing and sales of goods. Plaintiff CIBA VISION has expended considerable time, resources and effort in promoting the AIR OPTIX marks and has successfully developed substantial goodwill therewith. Plaintiff CIBA VISION has spent, and continues to spend, a great deal of money and capital resources constituting a substantial investment to register its marks, promote its marks, ensure their proper use and enjoin unlicensed and

4

inappropriate uses. Plaintiff's AIR OPTIX marks have become an invaluable asset of Plaintiff, serving as a symbol of quality goods provided by Plaintiff CIBA VISION and of CIBA VISION's goodwill.

11.     Defendant De Spirito has no special relationship with Plaintiff CIBA VISION, except as a former customer buying contact lenses, and is not authorized by Plaintiff CIBA VISION to use the AIR OPTIX marks, or any of the other CIBA VISION trademarks listed above, in connection with the unlawful conduct described below. Defendant De Spirito is not an authorized distributor of CIBA VISION products and CIBA VISION does not currently sell any CIBA VISION products to Defendant De Spirito.

12.     Upon information and belief, beginning in April of 2008, Defendant De Spirito registered numerous domain names incorporating and/or mimicking Plaintiff CIBA VISION's trademarks including, but not limited to the following:

> Airoptix.org
> Air-optix-aqua.com
> Air-optix-for-astigmatism.com
> Airoptics.com
> Airoptics.net
> Airoptixaqua.net
> Airoptixaqua.org

Airoptixastigmatism.com

Airoptixastigmatism.net

Airoptixastigmatism.org

Airoptixcolors.com

Airoptixcolors.net

Airoptixcolors.org

Airoptixcontactlenses.com

Airoptixcontactlenses.net

Airoptixcontacts.com

Airoptixcontacts.net

Airoptixcustom.net

Airoptixcustom.org

Airoptixdailies.com

Airoptixdailies.net

Airoptixfocus.com

Airoptixfocus.net

Airoptixforastigmatism.net

Airoptixforastigmatism.org

Airoptixindividiual.net

Airoptixindividiual.org

Airoptixnightandday.net

Airoptixnightandday.org

Airoptixprogressives.com

Airoptixprogressives.net

Aquadailies.com

Aquadailies.net

Aquadailies.org

Cibavisioncontacts.com

Dailiesaquacomfortplus.com

13.    Upon information and belief, Defendant uses at least some of these domain names to generate revenue.

14.    For example, sometime after registering the domain name <Airoptixcontactlenses.com>, Defendant used that domain name to post a commercial website at http://www.airoptixcontactlenses.com ("infringing site"). A printout from http://www.airoptixcontactlenses.com is attached hereto at **Exhibit G**. Additionally, sometime after registering the domain name <Air-optix-aqua.com>, Defendant used the domain name to post a commercial website at http://www.air-optix-aqua.com ("infringing site"). A printout from http://www.air-optix-aqua.com is attached hereto as **Exhibit H**. Furthermore, sometime after registering the domain name <Air-optix-for-astigmatism.com>, Defendant used the domain name to post a commercial website at http://www.air-optix-for-astigmatism.com ("infringing site"). A printout from http://www.air-optix-for-astigmatism.com is attached hereto as **Exhibit I**. Defendant De Spirito uses such infringing sites to offer for sale—and upon information and belief does sell— AIR OPTIX branded contact lenses.

7

15.    In addition, Defendant uses CIBA VISION's trademarks extensively (words and designs) in the text of the infringing sites.  Upon information and belief, Defendant De Spirito extensively utilizes CIBA VISION's trademarks to make it more likely that the infringing sites will be a top result in internet searches incorporating the terms "AIR OPTIX", "CIBA", "DAILIES", etc. in an effort to confuse and divert customers looking for CIBA VISION's brand(s) of contact lenses.  Indeed, Defendant's infringing websites often appear near the top of internet search results.  See **Exhibit J**, which shows Defendant's website appearing as the second entry of an internet search for "air optix contact lenses", which appears *above* the information for CIBA VISION's United States website.

16.    Additionally, Defendant De Spirito uses CIBA VISION's trademarks (as well as intentional misspellings of such) extensively as meta tags in the source code of the infringing sites.  For example, Defendant uses at least the following CIBA VISION marks as meta tags: "air optix", "air optix aqua", "air-optix", "air-optix-aqua", "air optics", "air-optics", "air optix for astigmatism", "air optix astigmatism", "air optics for astigmatism", and "air optix ciba".  See **Exhibit K** for  a  source  code  printout  from  Defendant's  website http://www.airoptixcontactlenses.com.  Upon information and belief, Defendant

8

De Spirito uses CIBA VISION's trademarks as meta tags in order to confuse customers looking for CIBA VISION's websites.

17.   Still further, upon information and belief, Defendant De Spirito is attempting to direct internet traffic to his infringing sites by utilizing one or more of CIBA VISION's trademarks in connection with paid internet advertising campaigns, which are aimed at driving internet consumers to his infringing sites.  Upon information and belief, such conduct is being conducted to confuse customers looking for CIBA VISION's websites.

18.   By the foregoing conduct, Defendant has falsely represented that the infringing sites are legitimately connected with Plaintiff CIBA VISION, when in fact, they are not.

19.   Upon information and belief, Defendant has engaged in and is continuing to engage in the above conduct willfully and deliberately, with full knowledge of CIBA VISION's prior and exclusive rights in and to CIBA VISION's trademarks, including the AIR OPTIX marks, and with an intent to misappropriate CIBA VISION's goodwill in CIBA's trademarks and to deceive consumers into believing that the infringing sites are legitimately connected with CIBA VISION.  Indeed, CIBA VISION sent Defendant De Spirito a cease and

desist letter on January 20, 2009—but Defendant De Spirito stubbornly refuses to stop its unlawful activities.

20.    Upon information and belief, Defendant's foregoing conduct was specifically designed to trade on CIBA VISION's reputation, goodwill, and trademark rights.  By its wrongful conduct, Defendant De Spirito has traded upon and diminished the value of CIBA VISION's goodwill, which has been created through significant marketing and advertising efforts.

21.    By engaging in the activities described herein, Defendant has acted in willful disregard of CIBA VISION's trademark rights, and has willfully confused and deceived the consuming public and the public at large.

22.    Defendant De Spirito's activities, as described herein, are likely to injure CIBA VISION's goodwill and reputation.  In fact, De Spirito's use of CIBA VISION's trademarks unfairly and unlawfully wrests from CIBA VISION control over its trademarks and reputations.  CIBA VISION has no control over the infringing sites, and as such, may be permanently damaged by Defendant's activities.  If Defendant is not enjoined, it may greatly injure the value of CIBA VISION's marks.

23.   Defendant De Spirito's activities described herein have caused and will continue to cause irreparable damage to the business and goodwill of CIBA VISION unless permanently restrained by this Court.

24.   CIBA VISION has no adequate remedy at law.

### COUNT ONE – FIRST CLAIM FOR RELIEF FOR TRADEMARK INFRINGEMENT (15 U.S.C § 1114(1))

25.   CIBA VISION repeats and realleges paragraphs 1-24 above as if fully set forth herein.

26.   Defendant De Spirito's activities as described herein are likely to cause confusion, mistake, or deceive De Spirito's customers or potential customers and the public as to the source or sponsorship of Defendant's websites and/or domain names.   Consumers are likely to be misled into believing that Defendant's websites are licensed by, sponsored by, or otherwise approved by CIBA VISION.

27.   As discussed above, Defendant De Spirito was given actual and constructive notice of CIBA VISION's exclusive rights in and to CIBA VISION's trademarks, including the AIR OPTIX trademarks.   Therefore, upon information and belief, Defendant De Spirito's activities are willful, in bad faith, and with full knowledge of CIBA VISION's rights, including CIBA VISION's

prior use of, exclusive rights in, and ownership of those marks, with full knowledge of the goodwill and reputation associated therewith. Defendant De Spirito's conduct is done with full knowledge that De Spirito has no right, license, or authority to use those marks or any other mark confusingly similar thereto.

28.     Thus, Defendant's activities constitute infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.     Defendant's conduct has caused and is causing immediate and irreparable injury to CIBA VISION and will continue to damage CIBA VISION and to deceive the public unless enjoined by this Court. CIBA VISION has no adequate remedy at law.

## COUNT TWO – SECOND CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

30.     CIBA VISION repeats and realleges paragraphs 1-29 above as if fully set forth herein.

31.     Defendant De Spirito's activities as described herein are likely to cause confusion, mistake, or deception as to the source of Defendant's websites and/or domain names and are likely to create the false impression that Defendant is affiliated with CIBA VISION or that his websites are authorized, sponsored,

endorsed, licensed by, or affiliated with CIBA VISION. As such, Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    Defendant De Spirito's conduct has caused and is causing immediate and irreparable injury to CIBA VISION and will continue both to damage CIBA VISION and to deceive the public unless enjoined by this Court. CIBA VISION has no adequate remedy at law.

## COUNT THREE – THIRD CLAIM FOR RELIEF FOR
## FEDERAL CYBERSQUATTING (15 U.S.C. § 1125(d))

33.    CIBA VISION repeats and realleges each and every allegation set forth in paragraphs 1-32 as if fully set forth herein.

34.    Defendant De Spirito has registered, trafficked in and/or used, or caused to be registered, trafficked in and/or used, at least the following domain names:

   Airoptix.org
   Air-optix-aqua.com
   Air-optix-for-astigmatism.com
   Airoptics.com
   Airoptics.net
   Airoptixaqua.net
   Airoptixaqua.org
   Airoptixastigmatism.com

Airoptixastigmatism.net

Airoptixastigmatism.org

Airoptixcolors.com

Airoptixcolors.net

Airoptixcolors.org

Airoptixcontactlenses.com

Airoptixcontactlenses.net

Airoptixcontacts.com

Airoptixcontacts.net

Airoptixcustom.net

Airoptixcustom.org

Airoptixdailies.com

Airoptixdailies.net

Airoptixfocus.com

Airoptixfocus.net

Airoptixforastigmatism.net

Airoptixforastigmatism.org

Airoptixindividiual.net

Airoptixindividiual.org

Airoptixnightandday.net

Airoptixnightandday.org

Airoptixprogressives.com

Airoptixprogressives.net

Aquadailies.com

Aquadailies.net

Aquadailies.org

Cibavisioncontacts.com

Dailiesaquacomfortplus.com

These domain names are confusingly similar to CIBA VISION's trademarks. Defendant De Spirito had full knowledge of Plaintiff's rights in and to CIBA VISION's trademarks and Defendant purchased the above domain names with a bad faith intent to profit from CIBA VISION's trademarks. The above actions of Defendant take advantage of the fame and/or goodwill associated with CIBA VISION's trademarks in violation of the Anti-cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

35.    Defendant De Spirito is not authorized to use CIBA VISION's trademarks or any similar mark in or as part of any domain name.

36.    Defendant's continued ownership and maintenance of the infringing domain names has caused and will continue to cause irreparable harm to CIBA VISION unless the Court orders the transfer of the infringing domain names to CIBA VISION.  CIBA VISION has no adequate remedy at law.

## COUNT FOUR – FOURTH CLAIM FOR RELIEF FOR
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

37.    CIBA VISION repeats and realleges paragraphs 1-36 above as if full set forth herein.

38.    CIBA VISION's trademarks are distinctive and famous and are widely recognized by the general consuming public of the United States as a designation of source of CIBA VISION's products and services.

39.    Defendant's unauthorized commercial use of CIBA VISION's trademarks in connection with Defendant's websites/domain names is not controlled by CIBA VISION and commenced after CIBA VISION's marks had been federally registered and had become famous.  Thus, Defendant's activities are likely to cause dilution of CIBA VISION's trademarks.

40.    Defendant De Spirito's use of CIBA VISION's trademarks in connection with his commercial websites and/or domain names is likely to impair the distinctive quality of CIBA VISION's trademarks by lessening the capacity of those marks to identify and distinguish genuine offerings of CIBA VISION or to identify and distinguish CIBA VISION exclusively as the source of goods or services offered in connection with CIBA VISION's trademarks, in violation of 15 U.S.C. § 1125(c).

41.    Defendant's use of CIBA VISION's trademarks for Defendant's own commercial purposes is intended to have and has the effect of trading on CIBA VISION's reputation and goodwill and causing dilution of CIBA VISION's marks.

42.    Upon information and belief, Defendant does not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of CIBA VISION's trademarks and cannot assert any legitimate rights in CIBA VISION's trademarks.

43.    The foregoing conduct of Defendant De Spirito is causing CIBA VISION irreparable injury.  CIBA VISION has no adequate remedy at law.

17

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF CIBA VISION Corporation PRAYS for judgment against Defendant Joseph De Spirito as follows:

(1) That judgment be entered in favor of Plaintiff CIBA VISION Corporation on all claims, that Defendant Joseph De Spirito take nothing, and that costs and reasonable attorney's fees be awarded to Plaintiff;

(2) That a permanent injunction be issued enjoining the Defendant and any of his agents, licensees, privies, attorneys, servants, employees, affiliates, successors and assigns, and all those in concert or participation with any of them, and any entity owned or controlled in whole or in part by Defendant from:

    a. Using any of CIBA VISION's Trademarks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of CIBA VISION's Trademarks in or as part of a design, logo, domain name, service mark, trademark, or otherwise using such a mark in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production or distribution of any business, product or service;

18

b. Manufacturing, packaging and/or transporting any unauthorized product bearing any of CIBA VISION's trademarks or any mark that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of CIBA VISION's trademarks.

c. Using any false designation of origin or false description, or performing any act, which can, or is likely to, lead members of the trade or public to believe that CIBA VISION has authorized, sponsored, or is otherwise associated or connected with Defendant's domain names and/or websites;

d. Purchasing any word or phrase in connection with any advertising on the internet that embodies one or more of CIBA VISION's trademarks or using any of CIBA's trademarks in any source code or otherwise using CIBA VISION's trademarks such that a search for CIBA VISION's trademarks on the internet would cause any domain name or website of Defendant to appear in search results;

e. Using or registering any of CIBA VISION's trademarks, or any simulation, reproduction, copy, colorable imitation or

19

confusingly similar variation of any of CIBA VISION's trademarks, as part of any domain name;

f. Engaging in any other activity constituting unfair competition with CIBA VISION, or constituting an infringement of any of CIBA VISION's trademarks;

g. Diluting or tarnishing any of CIBA VISION's trademarks; and

h. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(3) Directing that Defendant transfer all infringing domain names to Plaintiff CIBA VISION and execute all necessary documents to effect such transfer.

(4) Awarding CIBA VISION Defendant De Spirito's profits pursuant to 15 U.S.C. § 1117(a).

(5) Awarding CIBA VISION its actual damages, trebled, pursuant to 15 U.S.C. § 1117(a).

(6) Awarding CIBA VISION statutory damages in the amount of $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d).

(7) Awarding CIBA VISION its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

(8) Awarding to CIBA VISION all pre-judgment interest on the foregoing sums.

(9) Awarding to CIBA VISION such other and further relief as it shall deem just and equitable under the circumstances.

Respectfully submitted this 19th day of May, 2009.

Arthur A. Gardner
GA Bar No. 283,995
Email:  agardner@gardnergroff.com;
        litigation@gardnergroff.com

Joseph W. Staley
Georgia Bar No. 142,571
Email:  jstaley@gardnergroff.com

GARDNER GROFF, GREENWALD
& VILLANUEVA, P.C.
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339
Tel:  (770) 984-2300
Fax:  (770) 984-0098
*Attorneys for Plaintiff*
**CIBA VISION Corporation**

21

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing and the attached documents comply with LR 7.1(D), NDGa. The font and point size used in preparing the foregoing document are Times New Roman, 14 pt.

**Arthur A. Gardner**
Attorney for Plaintiff